**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>
LAW OFFICE G.A. LAMBERT AND
ASSOCIATES,

    Plaintiff

    v.

TOFIK DAVIDOFF, *et al.*,

    Defendants
</td><td>
Civil Action No. 13-1734 (CKK)
</td></tr>
</table>

**MEMORANDUM OPINION**
(October 30, 2014)

Plaintiff, the Law Office G.A. Lambert and Associates ("Plaintiff"), has filed an action against its former clients, Defendants Tofik Davidoff, Kalimantano GmbH, and First Royal Services GmbH ("Defendants"), alleging that Defendants defrauded Plaintiff and failed to pay legal fees and costs owed to Plaintiff. Presently before this Court is Plaintiff's [30] Renewed Motion for Default Judgment. Upon consideration of the parties' submissions,[1] the relevant legal authorities, and the record as a whole, and for the reasons stated below, the Court GRANTS Plaintiff's [30] Renewed Motion for Default Judgment as MODIFIED here and enters JUDGMENT against Defendants Davidoff and Kalimantano, jointly and severally, for $84,925 with respect to Plaintiff's claims for unpaid legal fees and for $16,575.03 with respect to Plaintiff's claims for unpaid costs, as well as for costs in this action of $1,275. No prejudgment interest is awarded. Accordingly, a total judgment of $102,775.03 is entered against Defendants Davidoff and Kalimantano, jointly and severally.

---

[1] Plaintiff's Complaint, ECF No. [1] ("Compl."); Plaintiff's Request for Default Judgment, or, in the Alternative, Motion for Default Judgment, ECF No. [19] ("Pl.'s Mot."); Pl.'s Brief in Response to Court Order of February 28, 2014, ECF No. [22] ("Pl.'s Resp."); Plaintiff's Renewed Motion for Default Judgment, ECF No. [30] ("Pl.'s Renewed Mot."); and Affidavit of George Lambert in Support of Motion for Judgment by Default, ECF No. [31] ("Aff. in Support of Renewed Mot.").

Plaintiff does not pursue his claims against the third defendant, First Royal Services GmbH, in this motion, and the Court dismisses the claims against First Royal without prejudice based on the reasons described below. The Court also dismisses without prejudice Counts 3, 4, and 5 of the Complaint, all pertaining to allegations of fraud committed by the Defendants. Given that Plaintiff has chosen not to seek a default judgment with respect to damages arising out of these counts, as well as for the reasons described below, the Court dismisses those claims without prejudice against all Defendants. Accordingly, the Court DISMISSES this action in its entirety.

## I. BACKGROUND

### A. Factual Background

Plaintiff's Complaint sets out the following allegations, which the Court takes as true for purposes of Plaintiff's motion for default judgment. *See Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). Plaintiff is a District of Columbia law office headed by attorney George A. Lambert. Compl. ¶ 1. Defendant Tofik Davidoff is a German national, who is closely allied with two German companies: Defendants Kalimantano GmbH and First Royal Services GmbH. *Id.* ¶¶ 2-4. On September 3, 2012, Davidoff executed a retainer contract with Plaintiff. *Id.* ¶ 8. Under the terms of the retainer contract, Plaintiff represented Davidoff and, as needed, the entities in which Davidoff was the principal. *Id.* ¶¶ 2, 9. Plaintiff also represented Kalimantano's employee, Konstantin Felde, and First Royal's manager, Johannes Schwegler. *Id.* ¶ 10. Defendant First Royal is connected to this suit because it "was proposed to be a third-party payer and guarantor on the invoices to Davidoff and Kalimantano." *Id.* ¶ 4. Plaintiff represented Defendants Davidoff and Kalimantano in several suits brought in the United States District Court for the Southern District of New York and the

United States District Court for the District of Columbia. *See id.* ¶ 7, 11-17. The parties conducted business together for approximately nine months before payment issues began to arise. *Id.* ¶ 18. After receiving a May 6, 2013, invoice from Plaintiff, Davidoff made numerous excuses for why payment was not forthcoming. *Id.* ¶ 18-32.

Several months after the May 6, 2013, invoice, Plaintiff had still not received payment from Defendants. On October 21, 2013, Davidoff sent the law office a copy of a transaction showing that 15,000 Euros were deducted from one of First Royal's accounts on that date. *Id.* However, this money never reached Plaintiff. *Id.* ¶¶ 35-38. On October 30, 2013, Davidoff unexpectedly told Plaintiff that a settlement agreement had been reached in the only remaining lawsuit for which Plaintiff represented Defendants Davidoff and Kalimantano – a pending matter in the United States District Court for the Southern District of New York. *Id.* ¶ 40. Davidoff denied that he owed anything to Plaintiff and also denied that any purported attempts to pay or wire funds took place. *Id.* ¶¶ 44-45. Nevertheless, on November 1, 2013, Lambert made a motion to withdraw from the pending matter in the United States District Court for the Southern District of New York. *Id.* ¶ 47. Upon being served with the motion, Davidoff claimed he did not know where to wire the payments to Plaintiff. *Id.* ¶ 48.

### B. Procedural History

Plaintiff filed its Complaint in this Court on November 4, 2013, alleging five counts: (1) "Breach of Contract," (2) "Quantum Meruit, Promissory Estoppel," (3) "Misrepresentation and Fraud," (4) "Fraud; False Wire Transfer Banking Document," and (5) "Fraud; False Wire Transfer Banking Document; Forgery." Compl. ¶¶ 52-92. Defendants were purportedly served with the Complaint and Summons on December 17, 2013, and were therefore required to respond by January 7, 2014. *See* Pl.'s Proof of Service Affidavits, ECF Nos. [10]-[12].

Defendants failed to file an answer or otherwise respond to the Complaint in this Court by this deadline, and therefore on February 7, 2014, Plaintiff moved for entry of default against all three Defendants. *See* Pl.'s Aff. in Support of Default, ECF No. [16]. The Clerk of the Court subsequently entered default against all three Defendants on February 10, 2014. *See* Clerk's Entry of Default, ECF No. [18]. The following day, Plaintiff filed a [19] Request for Default Judgment, or, in the Alternative, Motion for Default Judgment. That motion, mirroring the Complaint, sought default judgments against Defendants Davidoff and Kalimantano GmbH, jointly and severally for damages and costs totaling $166,158.19, and against Defendant First Royal Services GmbH for damages totaling $20,508.45.

On February 27, 2014, the Clerk of the Court received a [20] letter from Defendants in response to the Entry of Default. Defendants stated in this letter, dated February 20, 2014, that they received Plaintiff's complaint on December 13, 2013. Defs.' Letter (Feb. 20, 2014), ECF No. [20] at 1. Defendants stated that their German attorney e-mailed a response to this action to Plaintiff's counsel on January 2, 2014. *Id.* Apparently not understanding that a responsive filing needed to be made with the Court, Defendants stated that "[o]ur attorney and we ourselves responded to Mr. Lambert's action in a timely manner and did not miss any deadlines . . . ." *Id.* Defendants also attached (in both English and German) the letter they sent Plaintiff's counsel which states that "[w]e oppose against [sic] your action against the three defendants and request to dismiss the actions. Furthermore, we herewith submit the objection against having the United States as place of jurisdiction." *Id.* at 8. This letter also included factual objections to Plaintiff's claims. *Id.* ("As reported by my clients there are no more fee claims to be settled, your attorney fee has already been paid in full.").

In light of this filing, the Court ordered Plaintiff to file a supplemental brief explaining why it would not be appropriate to deny Plaintiff's motion for default judgment and vacate the entry of default. *See* Order, ECF No. [21] at 3. The Court invited Defendants to respond to this briefing, and further advised Defendants that if they planned to contest this lawsuit going forward, they or their counsel should enter an appearance on the docket. *Id.* at 3-4. The Court instructed Defendants to enter such an appearance by no later than April 24, 2014. *Id.* at 4.

Plaintiff subsequently filed its supplemental brief arguing that, despite Defendant's letter, the Court should not vacate the entry of default and should grant Plaintiff's motion for default judgment. Pl.'s Resp. Defendants did not respond to this filing, despite the Court's invitation. However, on March 19, 2014, the Clerk of the Court received a second letter from Defendants dated March 13, 2014. Defs.' Letter (Mar. 13, 2014), ECF No. [24]. In this letter, Defendants contest the allegations made by Plaintiff, arguing that Plaintiff "constantly and deliberately provides false information to the court in order to gain advantages with the court." *Id.* at 1. The letter also enclosed what Defendants describe as their contract with Plaintiff, which differs from the version of the contract provided by Plaintiff. *Id.* at 3-4. Defendants concluded by requesting "that this matter [be] referred to German courts, as [they] are all German nationals with a permanent place of business and permanent place of residence in the Federal Republic of Germany." *Id.* at 1.

In response to Defendants' second letter, the Court issued an order granting leave to file this document and its attachments, albeit with several caveats. *See* Order, ECF No. [23]. As an initial matter, the document could only be filed on behalf of Defendant Davidoff, a German national. *Id.* at 2. The remaining Defendants, as corporations, could not proceed *pro se* in this Court, and therefore the Court denied leave to file the letter on their behalf. *Id.* (citing *Rowland*

*v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")). The Court also advised Defendants that their repeated letters were insufficient to serve as pleadings in this action, and thus could not be used to defeat Plaintiff's claims or its motion for default judgment. *Id.* (citing LCvR 5.1(a) ("Except when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing.")). The Court further noted that the letter consisted of general denials rather than a specific response to the allegations in Plaintiff's complaint and the arguments in Plaintiff's motion for default judgment. *Id.* at 3. Furthermore, although Defendants' letter argued that this action should be transferred to German courts, Defendants had failed to file a motion formalizing this request or providing the legal basis for such a transfer. *Id.* Therefore, the Court again reminded Defendants of the April 24, 2014, deadline for entering an appearance in this action. *Id.* While Defendant Davidoff could file a brief on his own behalf without the assistance of counsel, the remaining corporate Defendants were required to file any response through licensed counsel. *Id.* The Court warned Defendants that if they failed to file a response by the April 24, 2014 deadline, they risked the imposition of default judgment against them. *Id.* The Court also offered to extend this deadline if Defendants demonstrated good cause. *Id.*

Despite the Court's admonitions, Defendants failed to make any filing by the April 24, 2014, deadline. An attorney purporting to represent Defendants did contact chambers by telephone in the days preceding this deadline to inquire about an extension of the April 24, 2014, deadline. The Court instructed the attorney that such an extension request could not be made over the telephone and had to be made via motion pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court. However, no extension request was ever made.

Instead, on May 12, 2014, the Court of the Clerk received another three letters, one from each Defendant. Davidoff Letter (May 2, 2014), ECF No. [25]; First Royal Letter (May 2, 2014), ECF No. [26]; Kalimantano Letter (May 2, 2014), ECF No. [27]. The Court denied leave to file the letters from Defendants Kalimantano and First Royal, as these Defendants are corporations not entitled to proceed *pro se*. In his letter, Defendant Davidoff represented that no contract exists between him and Plaintiff, and thus Plaintiff's suit for breach of contract is meritless. Davidoff Letter (May 2, 2014), ECF No. [25] at 1. Defendant Davidoff also offered additional allegations regarding his relationship with Plaintiff that support his contention of no liability, including the allegation that he "ha[d] never ordered Mr. Lambert, Attorney at Law, to represent [him] at court." *Id.* Defendant Davidoff's letter concluded with a "request that German courts assume jurisdiction for this civil matter."[2] *Id.*

The Court then considered Plaintiff's [19] Request for Default Judgment, or, in the Alternative, Motion for Default Judgment together with the foregoing materials. In an [28] Order and a [29] Memorandum Opinion, both issued on August 15, 2014, the Court declined to vacate the order of default *sua sponte* and the Court denied Plaintiff's Motion without prejudice because Plaintiff had not provided a legal basis upon which the Court could award damages for a significant proportion of the sum Plaintiff then sought. In order to allow Defendant an opportunity to respond to the Opinion and accompanying order, the Court required Plaintiff to wait until at least October 1, 2014, before filing a renewed motion. Once again, Defendants did not follow the Court's instruction to participate in this litigation.

---

[2] Defendant Davidoff's letter also states that "[a]s [he] is a German citizen, [the Court is], according to German laws, obligated to create every letter to [him] in the German language or to have such translated into the German language." *Id.* Defendant cites no authority for this proposition, and neither the Court nor the Clerk's office is aware of any such obligation in a case involving foreign parties.

On October 1, 2014, Plaintiff filed the [30] Renewed Motion for Default Judgment that is presently before the Court, along with evidentiary support for the motion. Several differences between this motion and its predecessor have significant ramifications for the resolution of this action.

*First*, Plaintiff no longer seeks a default judgment against First Royal, one of the two corporate defendants. *See* Pl.'s Renewed Mot. at 2. Plaintiff only seeks a default judgment against Davidoff and against Kalimantano. Plaintiff does not indicate any intent to pursue claims against First Royal in this action. *See id.* ("Additionally, plaintiff voluntarily dropped Defendant First Royal Services GmbH, a third-party guarantor for Kalimantano, for the sake of simplifying the remaining claims."). Therefore, all claims against First Royal Services GmbH are dismissed without prejudice.

*Second*, Plaintiff no longer seeks a default judgment with regard to any of the fraudulent banking claims. *See id.* at 1-2. Plaintiff only seeks a default judgment with respect to the claims seeking to recover unpaid legal fees and costs – Count I (Breach of Contract) and Count 2 (Quantum Meruit, Promissory Estoppel). Plaintiff has not indicated any intent to pursue these claims in this action in the future. *See id.* ("As compared to the original Motion on February 10, 2014, all the claims arising from fraudulent banking records showing the wire transfers not executed by Defendants are now not included into the computation of damages, leaving only the claim for legal fees and refund of costs."). Moreover, the Court notes that, in its August 15, 2014, Memorandum Opinion, when the Court considered Defendant's previous motion for default judgment, which included the fraud claims, the Court concluded that Defendant had not provided any legal support for recovery on those claims. *Law Office G.A. Lambert & Associates*

*v. Davidoff*, No. 13-cv-1734 (CKK), 2014 WL 4056518, at *5 (D.D.C. Aug. 15, 2014).

Accordingly, the three fraud-related claims are dismissed without prejudice, as well.

 *Lastly*, in this renewed motion, Plaintiff also requests prejudgment interest and the recovery of costs with respect to this action.

 Given this factual and procedural background, the Court now analyzes whether Plaintiff is entitled to the entry of default judgment in its favor and whether Plaintiff has provided adequate evidentiary support for the amount of damages that it seeks.

## II. LEGAL STANDARD

 After a default has properly been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson*, 636 F.2d 831 at 836). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *R.W. Amrine Drywall Co., Inc.*, 239 F.Supp.2d at 30 (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001)). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

## III. DISCUSSION

Although a default establishes a defendant's liability, the Court must make an independent determination of the sum to be awarded in the judgment where, as here, the amount of damages is uncertain. *Adkins*, 180 F.Supp.2d at 17. When moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *R.W. Amrine Drywall Co., Inc.*, 239 F.Supp.2d at 30. "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* Plaintiff requests a total of $111,378.59[3] from Defendants, Aff. in Support of Renewed Mot. ¶ 39, including unpaid legal fees and costs, prejudgment interest on that unpaid balance, and costs associated with this action. As support for this amount, Plaintiff has submitted an affidavit from Lambert and billing records showing the unpaid legal fees and unpaid costs. *See id.* With the exceptions noted below, the Court allows the unpaid legal fees and costs; disallows prejudgment interest; and allows costs for this action.

### A.  Unpaid Legal Fees and Unpaid Costs

The damages that Plaintiff seeks consist primarily of Defendant's unpaid legal fees and unpaid costs that Plaintiff claims pursuant to both Count I of this action (Breach of Contract) and Count II (Quantum Meruit; Promissory Estoppel). Lambert's Affidavit asserts that "the costs of $16,575.03, accumulated since May 6, 2013, as well as the unpaid invoice of May 6, 2013, for $8,261.28 remained unpaid." *Id.* ¶ 30. "The attorney's work from May 6 to November 1, 2013, amounted to 315.7 hours, with the total of $78,925.00 due (at the rate of $250). The grand total, overdue, was $103,761.31." *Id.* ¶ 31. As an exhibit to the Affidavit, Plaintiff provides the Court

---

[3] The total amount requested appears to be, in actuality, $111,268.59, when the individual subcomponents requested by Plaintiff are added together. This discrepancy is discussed below.

with invoices purporting to provide documentary evidence of the debt of $103,761.31. Pl.'s Renewed Mot., Ex. 8.

Plaintiffs has provided billing records that show the unpaid fees and costs that have accrued. *See id*. However, the precise amount of damages sought with respect to the unpaid legal fees and unpaid costs are not supported in its entirety by the evidence submitted. The Court reduces the amount requested as follows.

As an initial matter, Plaintiff does not explain why he uses a slightly higher figure for the unpaid legal fees and costs, $103,871.31, in calculating the amount that he requests, rather than the amount corresponding to the sum of the unpaid invoices that he provides. *Contrast id*. ¶ 31 ($103,761.31 in unpaid legal fees and costs) *with id*. ¶ 34, 39 ($103,871.31 owed). There is no support in the evidence for the higher figure. *See* Pl.s Renewed Mot., Ex. 8 (representing total amount of $103,761.31 and subtotals that correspond to that amount). Insofar as Plaintiff seeks the higher amount of $103,871.31, the Court concludes that this amount is not supported by the evidence.

The records that Plaintiff submits show, in the required detail, the legal fees and costs that accrued between May 6, 2013, and November 1, 2013. *See* Pl.'s Renewed Mot., Ex. 8. The legal fees during this period consisted of 315.7 hours of work at $250 per hour, for a total of $78,925. *See id*. at 27. The costs for this period amounted to $16,575.03. *Id*. This amount, $95,500.03 in total, is allowed in full.

The exhibit showing detailed costs for the period between May 6 and November 1 also shows an unpaid balance of $8,261.28 resulting from the period of February 5 to May 5, 2013. *See id*. at 1. Plaintiff attempts to justify this figure through an earlier invoice, showing fees and costs for the period from February to May of that year. *See* Pl.'s Renewed Mot., Ex. 3. Those

records provide the requisite detail with respect to fees and costs accrued between February 5, 2013, and May 6, 2013. *See* Pl.'s Renewed Mot., Ex. 3. However, this invoice also lists an unpaid balance of $7,949.35, due based on a previous invoice from February, 2013, and includes this amount in the total current balanced listed as of May 6. *See id*. at 3 ("Current balance; please pay: -$8,261.28"). This amount is not adequately justified by the evidence. No prior invoice has been provided. Furthermore, Plaintiff denies any payment problems prior to the May 6, 2013, invoice, implying that there were no problems with the payment pursuant to the February invoice. *See* Aff. in Support of Renewed Mot. ¶ 17 ("Until the invoice of May 6, 2013, the Law Office did not encounter problems with the payments by Davidoff."). Therefore, the earlier balance of $7,949.35 is disallowed. Nonetheless, that entire amount need not be subtracted from Plaintiff's request. The May 6, 2013, invoice shows a payment of $6,965.20 on March 13, 2013. It appears that this payment was applicable to the February 2013 balance, resulting in only $984.15 unpaid from a prior period. This unpaid balance of $984.15 is included in the totals that Plaintiff requests but is not supported by the evidence submitted; therefore, the Court disallows this unpaid amount.

In addition, six entries from the period between February 5 and May 6 include the notation "refund" in the column otherwise used for funds received, representing a total of $1,277.13. *See* Pl.'s Renewed Mot., Ex. 3 at 1-2. Plaintiff does not explain this notation, and it is unclear to the Court why these entries ought to be included if they were, in any sense, refunded. Moreover, three of those entries include the description, "Flowers, order, refund, courtesy to client." *See id*. at 1 (entries from March 22). This description strongly indicates that those costs ought not to be chargeable to the client in the first instance. The fact that three out of the six items marked "refund" are clearly not chargeable to the client further suggests that the three

other entries marked "refund" ought not be chargeable – even if they might otherwise appear to be chargeable to the client based on their descriptions alone.[4] *See id.* at 1-2 (entries from March 28, May 3, and May 6). Plaintiff has not justified the inclusion of these six entries. Accordingly, the Court disallows them, subtracting an additional $1,277.13 from the amount requested by Plaintiff for the February to May period.

In sum, the Court enters a judgment with respect to a total of $101,500.03 in unpaid legal fees and unpaid costs.

## B. Prejudgment Interest

In addition to the request for the unpaid legal fees and unpaid costs themselves, Plaintiff requests prejudgment interest, dating from October 31, 2013, at a rate of 6%, for a total of $6,232.28. Aff. in Support of Renewed Mot. ¶ 34, 35. Plaintiff does not cite any legal authority for the provision of prejudgment interest in a situation such as this, nor does Plaintiff adequately justify a rate of 6%. The Court concludes that prejudgment interest is not appropriate here.

According to District of Columbia law,[5]

> [i]n an action to recover damages for breach of contract the judgment shall allow interest on the amount for which it is rendered from the date of the judgment only. This section does not preclude the jury, or the court, if the trial be by the court, from including interest as an element in the damages awarded, if necessary to fully compensate the plaintiff.

---

[4] In addition to being marked "refund," these three entries are, respectively, described as (1) payment by agency for service of process, (2) fee for appearance of Peter Joseph at meet-confer, and (3) fee for appearance of Peter Joseph for conference. Pl.'s Renewed Mot., Ex. 3, at 1-2.

[5] Plaintiff does not address directly the choice of law applicable here, but Plaintiff suggests that District of Columbia law applies. *See* Aff. in Support of Renewed Mot. ¶ 35 ("Pursuant to the statutory interest of 6% in the District of Columbia on claims based on contracts . . . ); *cf.* Renewed Mot., Ex. 2 at 2 ("All legal work by ATTORNEY pursuant to the present Agreement is . . . subject to the Rules of Professional Conduct for attorneys in the District of Columbia").

D.C. Code § 15-109. Under this provision, Plaintiff is only entitled to prejudgment interest if it is "necessary to fully compensate the plaintiff." *Id*. Just as the D.C. Court of Appeals found in *Schwartz v. Swartz*, 723 A.2d 841, 844 (D.C. 1998), Plaintiff's contract here did not include a provision for prejudgment interest, *see* Pl.'s Renewed Mot., Ex. 2. Plaintiff also did not indicate that he was seeking prejudgment interest in his Complaint or in his initial motion for default judgment. Nor has he presented evidence to show that prejudgment interest is necessary to fully compensate him. *Cf. Schwartz v. Swartz*, 723 A.2d at 844.

While an alternative provision of the D.C. Code provides for the payment of prejudgment interest for an action "to recover a liquidated debt on which interest is payable by contract or by law or usage," D.C. Code § 15-108, this provision is not applicable here. The contract here has "nothing that could be identified as an interest provision." *Schwartz v. Swartz*, 723 A.2d at 843. "Although some retainer agreements, such as a fixed fee or contingent fee arrangement, may be regarded as containing a liquidated debt provision, [this] 'action [was not] based upon an attorney-client contract for a definite fee or a fee contingent upon a percentage of recovery (i.e., an amount ascertainable by mathematical calculation after a settlement or final judgment for damages).' " *Id.* (quoting *John v. Murphey*, 651 A.2d 812, 813 (D.C. 1994)). "Significantly, in addition to his breach of contract claim, [Plaintiff] included a claim based on quantum meruit. '[Quantum meruit] damages are by their very nature unliquidated and must be the subject of controversy and proof at trial.' " *Id.* at 844 (citations omitted). As in *Schwartz v. Swartz*, this fee dispute was not based on a fixed fee or contingent fee arrangement and does include a quantum meruit claim. Accordingly, the dispute here does not involve a liquidated debt, and Section 15-508 is inapplicable.

Moreover, "[t]he determination of whether prejudgment interest should be awarded is within the discretion of the district court and is subject to equitable considerations." *McClam v. D.C.*, 808 F. Supp. 2d 184, 191 (D.D.C. 2011). Considering the equities in this case, the Court declines to exercise its discretion to grant prejudgment interest as a component of a default judgment in this action where Defendants have objected to liability. *See, e.g.*, Letter from V. Keberlein, ECF No. [24] (leave to file granted with respect to Defendant Davidoff). It is true that Defendants have refused to heed the Court's repeated exhortations to appear in this action and defend their claims in the manner that the rules of this Court require. Nonetheless, Defendant's objection to liability gives the Court pause in using its discretion to award prejudgment interest. Accordingly, the Court concludes that, given that Plaintiff has not shown that prejudgment interest is necessary to compensate him fully and after considering the equities in this case, Plaintiff does not merit the recovery of prejudgment interest here.

### C. Costs Associated with this Action

Finally, Plaintiff requests an additional $1,275 for the costs associated with filing this action. Aff. in Support of Renewed Motion. ¶ 39. This request consists of a filing fee of $400, *id*. ¶ 36, and $875 to translate the complaint into German, *id.* ¶ 38.

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Although "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs . . . the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.,* 568 U.S. 2 ——, 133 S.Ct. 1166, 1172 (2013) (footnote omitted) (citations omitted); *see also Guevara v. Onyewu,* 943 F. Supp. 2d 192, 195 (D.D.C.

2013) (citing *Moore v. Nat'l Ass'n of Secs. Dealers, Inc.,* 762 F.2d 1093, 1107 (D.C. Cir. 1985))

("Although costs are generally awarded as a matter of course, the district court has discretion in

allowing, disallowing, or apportioning costs.").

      The Court exercises its discretion to award these modest costs to Plaintiff. The filing fee

for this this action is a taxable cost pursuant to the Federal Rules of Civil Procedure. *See* Fed. R.

Civ. P. 54(d)(1) (taxable costs include "[f]ees of the Clerk"); *see also* 28 U.S.C. § 1920(1);

LCvR 54.1(d)(1). The Court also concludes that the cost of translating the complaint and

summonses into German – required to effect service in Germany pursuant to the Hague

Convention for Service Abroad in Civil and Commercial matters – is also taxable in these

circumstances. *See* LCvR 54.1(d)(2) (taxable costs include "costs of service of summons and

complaint"). This modest translation cost was necessary in order file this action and is therefore

taxable.

### D. Summary of Damages

      The following chart summarizes the damages requested, those items disallowed, and the

totals ultimately allowed.

|  | **Amount Requested** | **Amount Disallowed** | **Total Allowed** |
|---|---|---|---|
| Unpaid fees & costs (Feb. 5 to May 6) | $8,261.28 | $2,261.28 | $6,000 |
| Unpaid fees & costs (May 6 – Nov. 1) | $95,500.03 | n/a | $95,500.03 |
| *Subtotals (unpaid fees and costs)* | *$103,761.31* | *$2,261.28* | *$101,500.03* |
| Prejudgment interest | $6,232.28 | $6,232.28 | $0 |
| Costs | $1,275 | n/a | $1,275 |
| *Totals* | *$111,268.59* [6] | | *$102,775.03* |

--------------------

[6] As a result of the discrepancy in Plaintiff's briefing described in the Court's analysis
above, the total requested amount reported here differs from the amount that Plaintiffs claims to

## IV. CONCLUSION

Default judgments are generally disfavored by courts "perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing." *Jackson*, 636 F.2d at 835. Nevertheless, "the default entry and judgment play an important role in the maintenance of an orderly, efficient judicial system. . . . [They] represent[] a means of encouraging an unwilling or uncooperative party to honor the rules established for litigation in the federal courts and provide[] the nondefaulting party an expeditious path to follow when an adversary does not do so or simply abandons the contest." 10A Wright & Miller, Federal Practice and Procedure § 2693 (3d ed. 2006). During the course of this action, the Court has attempted to strike a balance between these two competing principles. The Court has provided Defendant numerous opportunities to file an appearance and to contest Plaintiff's claims in the appropriate procedural manner, and they have chosen not to do so. Even while they previously indicated their disagreement with Plaintiff's Complaint, Defendants have repeatedly disregarded the Court's instructions as to the appropriate means for contesting this lawsuit. Because Plaintiff has provided an evidentiary basis for the present motion – with exception of certain costs disallowed as detailed above – the Court GRANTS Plaintiff's [30] Renewed Motion for Default Judgment. The Court enters JUDGMENT against Defendants Davidoff and Kalimantano GmbH, jointly and severally, in the amount of $84,925 with respect to Plaintiff's claims for unpaid legal fees and in the amount of $16,575.03 with respect to Plaintiff's claims for unpaid costs, as well as for costs in this action in the amount of $1,275. No prejudgment interest

---

request, $111,378.59. As fully described above, the exhibits and Plaintiff's briefs reveal that Plaintiff is actually requesting $103,761.31 for the unpaid legal fees and costs, rather than the $103,871.31 that intermittently is mentioned in Plaintiff's briefing. The Court thus reports, here, the total requested as $111,268.59, corresponding to the lower number for unpaid fees and costs.

is awarded. Accordingly, a total judgment of $102,775.03 is entered against Defendants Davidoff and Kalimantano, jointly and severally.

Plaintiff does not pursue his claims against the third defendant, First Royal Services GmbH, in this motion, and the Court DISMISSES the claims against this Defendant without prejudice based on the reasons described above.

Finally, with respect to the fraud claims – Counts 3, 4, and 5 of the Complaint – the Court notes that, in his initial default judgment motion, Plaintiff sought an additional $61,996.88 in damages with respect to those claims. The Court previously determined that Plaintiff did not provide a legal basis for those damages. Given that previously Plaintiff has not established a legal basis for those damages and that Plaintiff has chosen not to seek a default judgment on those damages, the Court concludes that Plaintiff does not intend to do so. Those claims are DISMISSED without prejudice. Accordingly, the Court DISMISSES this action in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
